The fourth district appellate court of the state of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning. Good morning. We are here on case number 4-2-2-0-5-2-8. That's People v. Mallory. Attorney Luke McNeil appearing for the appellate. Attorney Matthew Paulson appearing for the appellee. Mr. McNeil, you may proceed with your argument. May it please the court, counsel. The only question this court needs to answer in this appeal is whether an otherwise valid and proper canine alert no longer provides probable cause to search due to the canine being trained to alert to cannabis along with other illegal drugs. No Illinois authority supports this position, and this court in Hall and Molina has recently specifically held that the odor of cannabis still provides probable cause to search. As Neuberger also noted, which is cited in my brief, there is no distinction between a human officer and a canine officer when smelling drugs. So the answer is clearly that a canine alert still provides probable cause for a search, and the trial court erred in granting the motion to suppress based on that. The analysis could honestly end there, but I think the U.S. Supreme Court's words in Harris are very instructive. There, the Supreme Court stated, quote, a detection dog recognizes an odor, not a drug, and should alert whenever the scent is present, even if the substance is gone. In the usual case, the mere chance that the substance might no longer be at the location does not matter. A well-trained dog's alert establishes a fair probability, all that is required for probable cause, that either drugs or evidence of a drug crime, like the precursor chemicals in Harris' truck, will be found. So even if we assume the trial court's erroneous position here that cannabis is legal, whereas both Hall and Molina pointed out that cannabis is still contraband in most cases, unless it's in a very small amount and being transported in an odor-proof container that's sealed, even if we make that erroneous assumption, Harris makes it clear that legal behavior in and of itself does not invalidate probable cause. Obviously, Harris was dealing with residual odors, but it's not illegal to smell like a drug. And I would submit that smelling like a drug without possessing a drug is more legal than transporting cannabis in a non-odor-proof container. Like the Illinois Supreme Court said in Hill, an officer is not required to think of an activity in order to find probable cause to search. So Harris makes it a point to note that potentially legal activity might still satisfy probable cause, because there's a fair probability, due to a canine alert, a fair probability that drugs or evidence of a drug crime will be found. And fair probability is all that's required for probable cause. And I just want to reiterate that this was a motion to suppress hearing. It was defendant's burden to establish that this was an illegal search. Maybe defendant could have proven or tried to prove or put testimony forward that a canine officer's superior sense of smell can detect the odor of cannabis through an otherwise odor-proof container for purposes of the vehicle code. Defendant failed to do so. There's nothing in the record that would suggest anything like that. And I would submit, even if that was the case, as Harris points out, there's still, due to the canine alert, there's a fair probability that drugs or evidence of drug crime will be found and probable cause is still satisfied. But still, there was nothing here. The trial court failed to recognize that defendant failed to overcome the burden that this was a legal search. The record shows that defendant completely failed to overcome this burden pursuant to this court's opinions, recent opinions in Molina and Hall and the binding precedent of Stoughton Hill, which this court recognized in both Molina and Hall. Those are Illinois Supreme Court cases, Stoughton Hill, which also still hold that odor of cannabis provides probable cause of search. And the U.S. Supreme Court in Harris, which shows that simply because the canine might alert to otherwise legal behavior does not defeat probable cause. It's clear that a positive canine sniff still provides the requisite probable cause for a vehicle search because there is a reasonable probability, a fair probability, which is all that's required, that one, there's cocaine, heroin, or methamphetamine in the vehicle, all of which the canine is trained to detect. Or two, there's cannabis in the vehicle that is being transported illegally. And the trial court failed to recognize this and failed to recognize the defendant failed to overcome their burden. And therefore, they erred in granting defendant's motion suppressed. And I would also reiterate that the standard of review here should be de novo. No facts, no credibility findings are needed. This is simply a matter of law. And therefore, the standard of review should be de novo here. And the trial court erred in granting the motion to suppress. Mr. McNeil, you haven't mentioned that people be Stribling and people be Redmond, both handed down by the third district. Is there anything about the holdings in those cases, which I do think are in conflict with Molina that give you pause about your position in this matter? No, I mean, this court specifically disagreed with Stribling and Hall. I think Molina might have been before Stribling. So I don't, I think, no, I think it mentions Stribling as well. I think this court disagreed with both, in both Hall and Molina with Stribling. And I would rely on this court's logic in those cases and find that Stribling and Redmond are simply wrongly decided. Counsel, in this case, actually, don't we have more than just the canine alert? We know that officer, I don't recall if it's deputy or officer, he previously knew the defendant, knew the occupants of the vehicle and knew about their drug use. So we actually don't just have the canine alert. Isn't that correct? Yes, you look at the totality of the circumstances, but I would, my position is still even just the canine alert by itself was sufficient probable cause as it has been for decades. And the trial court wasn't justified in relying on the passage of the Cannabis Regulation and Tax Act in 2019, making possession or use of cannabis explicitly legal to then come to the conclusion that cannabis was no longer contraband. Is that your position? That is my position. And the trial court failed to at least analyze the Regulation and Tax Act with the Illinois Vehicle Code at the very least, which holds that if there is cannabis, it has to be under a certain amount, which Hall makes a good point. But even if there is an odor, there's nothing to suggest that this odor, that the amount of cannabis from this odor is less than the permitted amount through the Regulation and Tax Act, let alone the Illinois Vehicle Code, which holds that it has to be in a sealed odor-proof container. So yes, I think that the trial court erred in analyzing the Regulation and Tax Act as well. If there are no more questions, I would ask this court to reverse. I don't see any other questions at this time, but you will have rebuttal. Mr. Paulson, you may proceed with your argument. Thank you, Your Honor. The justification of the canine sniff absent probable cause was decided in the United States Supreme Court's opinion, Illinois Vehicle Bias 5043 U.S. 405. And in that case, it stated that a canine sniff on its own could suite generous, provide probable cause because it only discloses the odor of narcotics, a contraband item. So particularly at issue in this case is Officer Peed's testimony that he trained canine Roscoe to alert to a cotton ball that had absorbed the odor of narcotics. And then he placed the cotton ball in a different location and the canine would detect the cotton ball. So accordingly, in that case, it talks about the use of a well-trained narcotics detection dog, one that does not expose non-contraband items that would otherwise remain hidden from view during a lawful traffic stop generally does not implicate legitimate privacy interests. So it comes down to an issue of the odor of contraband. And contraband has been defined by our Illinois Supreme Court in People v. Hill. In arguing against the classification of the odor of cannabis as no longer being a contraband item. In that case, the state argued that decriminalization was not synonymous with legalization. Now we have a statute that says that the use of cannabis, subject to regulation for people over 21, is legal. It's legal to use. So it's and then it goes on to compare the analysis for its treatment of the odor of alcohol. And it states a long precedent that says that the odor of alcohol alone does not provide probable cause to search a vehicle. Because the smelling the odor of alcohol could mean that someone that it's an odor of a illegal activity, just the odor of it. But it could also be the odor of legal activity. And when you have that situation, the odor alone does not provide probable cause to search. And it's clear. Also, doesn't the Molina case from this court address that very specific issue? Your Honor, yes, it does. And I would suggest that the court did a reanalysis of what probable cause means when detecting the odor. And they found that because the odor proof requirement was still in the statute, that the legislature still intended for an officer who smelled cannabis to have probable cause. But that's... The court also say that there was a difference between the regulation of cannabis and the regulation of alcohol in the Molina decision. I mean, I'm sure it does, right? It did. It did, Judge. But... I think it said something to the effect that you can only have 30 grams of cannabis flour, whereas there's no such restriction on how much alcohol you can be transporting, right? That was one of the things that pointed out was different. That's correct, Judge. But it strayed from precedent as far as it re-approaching an analysis of probable cause. It shifted more to focus of intent of the statute versus our case precedent regarding the analysis of what's deemed contraband when you smell it. And because we're re-approaching, we have to look at the plausibility of the innocent explanations. And this is where a canine sniff is different than an officer smelling it. As admitted by both in this case, the canine's odor or sense of smell is so much higher than a person's. The facts support that in this case, Officer P did not detect any odor of contraband. He relied solely on the canine's alert. And as noted before, we're talking about of contraband. That is what has justified a dog alert in the past. Can we say that this is an odor of a narcotic? Well, it's not a narcotic when you sit at home and you smoke it, and then you come out smelling like it. The dog is still going to detect, according to all evidence presented before the court, the dog is going to alert to clothing that has absorbed the smell. And it's a much broader range of activity, legal activity, that the canine could be detecting. We're talking about contraband, counsel, in a vehicle, not in somebody's home, correct? And so there's a statute that provides how that cannabis must be is that the canine is detecting or quite in what was talked about in Harris, a residual odor is trained to detect residual odors, things that are no longer present in the vehicle, things that could have been passed through someone sitting in the car. And in this circumstance, it's using a detection tool to provide probable cause. And that detection tool, as stated in Illinois v. Cabayas, they mentioned the case of Kelo versus United States, where the Supreme Court struck down the use of a thermal imaging device that could detect a also detect legal behavior. And because it could also detect legal behavior, and in this case, non-contraband odor, and that's what the judge relied on. It's the use of the tool. It's before you get to the search, is that tool reliable? And Illinois v. Cabayas explicitly stated that the probable cause that was generated from a canine sniff was the result of the use of a canine that could only detect narcotics and narcotics. Cannabis is not a narcotic or a contraband narcotic. If it's being lawfully possessed and used like... So you're suggesting we depart from the precedent in the fourth district, that we depart from Rowell, Molina, Hall? No, Your Honor. No. I'm... Canine sniffs are different than even using the rubric of Molina and Hall. In Molina, the court stated that if you can smell cannabis in a car, it's almost certainly going to be there. Now, there's nothing that is at any hearing that supports that proposition. There is evidence in this case where the cotton ball, which is not contraband, would cause a dog to alert and would cause a search of a vehicle. That is evidence that was present at this... In this case, that was not present in the other case. And it's significant that if we're doing a reevaluation of what's probable cause, then you have to take into account the capability of the canine to detect odors that a human cannot. And that a human officer cannot determine what substance the canine is detecting, or when the... Where the odor is coming from, how long ago it was in a car, whether or not it was from the use... From legal behavior, from the use of cannabis, whether or not it was illegal behavior. You cannot tell. And the binding precedent in these cases, the rationale, suggests that these canine sniffs were probable cause because it's detecting only contraband. That's not... That's not the case. Counsel, under your argument then, all of the dogs, the canine units in the state of Illinois, used by state troopers or local law enforcement officials that detect cannabis, as well as other illegal narcotics, can no longer, if we rule in your favor, establish probable cause for a search of the vehicle. Is that a correct statement? It's a correct statement, Judge. It's a correct statement. Changing a civil violation, it's still decriminalized, but still, according to the legislature, the result of the legislature's public policy determination to prohibit the possession of such item. That's not the case. Explicitly not the case. It is... As far as orders are concerned, you cannot use that canine anymore to search someone's car under the Fourth Amendment when they might be alerting to a completely legal use of cannabis that they're entitled to do so under the statute. That is what the legislature has, as of January 2020, maybe a little bit before, that's their stance. So an officer would either have to see it or smell it. Is that right? In as your honor was... I believe that those facts weren't in the record that at least the officer relied on the fact that he knew who these people were in the car, but I believe that a canine alert, you can still use an old canine potentially to alert to a vehicle and that that could add to a determination of probable cause. Say if they see something in plain view like shake or crumbs of cannabis, someone, they can ask a question of the driver. Do you have any cannabis in here? And if the driver says yes, the officer can continue to ask questions and that that fact of a canine alert, although couldn't provide probable cause on its own anymore because it's trained to alert to a non-contraband item, that that could because of its alert, that it might add to a probable cause analysis, but not on its own. It's not automatic, not sui generis like it is. I'll just add one final addition from Illinois v. Cabayas. This is the canine sniffing case and it's a dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the fourth amendment. We have a cannabis regulation tax act that explicitly states otherwise and so for all the, under all the extra rationale of our precedential canine cases, the change from illegality to legality, not merely decriminalization. When I say legal, I don't mean it's always legal. That's not what I mean. It's legal for the purposes of That's all I have your honors. Okay. Thank you. I don't see any questions. So we'll go back to Mr. McNeil if you have rebuttal. Yes, your honor. Just a few things. Council was talking about the canine sense of smell being superior. There's nothing in the, there's no testimony at the hearing about this particular canine sense of smell or even canines superior sense of smell in general. And again, this was defendants motion to suppress. It was their burden and there was nothing, nothing in the record that have anything concerning a canine sense of smell. Kilo is the infrared case, a thermal imaging case that's easily distinguishable. It dealt with a person's home person's home. You have a much more expectation of privacy in your home and looking into your home is obviously much more invasive than a canine alert around a vehicle. As for the cotton ball, that was a residual odor. That's exactly what Harris talks about as still being a valid alert and still establishing probable cause, even a residual odor, because a residual odor establishes a fair probability, even if that will be found in this case, even assuming we know that a canine alerts to cannabis, we don't know the amount, we don't know how it's being transported and there's still a reasonable and fair probability that a drug crime has taken place and that's sufficient to establish probable cause for a search. And if there are no more questions, I would ask this off. No. Okay. Thanks to both of you for your arguments. The case is submitted and the court will now stand in recess.